IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HANS ALVARADO, | ) |
| Plaintiff, | ) |
| v. | ) No. 15 CV 07111 |
| U.S. BANK NATIONAL ASSOCIATION, as Trustee, Successor in interest to Bank of America, National Association, as Trustee, successor by merger to LaSalle Bank National Association, as Trustee for Morgan Stanley Loan Trust 2006-5AR, Mortgage Pass-Through Certificates, Series 2006-5AR, | ) Hon. Marvin E. Aspen |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Hans Alvarado ("Alvarado") has filed a four-count complaint against U.S. Bank National Association ("U.S. Bank") alleging a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFDPA"), breach of contract, promissory estoppel, and breach of the implied covenant of good faith and fair dealing in relation to Alvarado's attempt to modify his loan agreement with U.S. Bank. A foreclosure action between U.S. Bank and Alvarado is currently pending in state court in Cook County, Illinois. Given the existence of the state court proceedings, U.S. Bank has filed a motion for stay pursuant to the *Colorado River* abstention doctrine. For the following reasons, we grant U.S. Bank's motion to stay these proceedings pending resolution of parallel proceedings in the state court.

**BACKGROUND**

The following facts are taken from the complaint and are assumed to be true for purposes of this motion. Alvarado holds a mortgage on his home, and U.S. Bank is the successor in

1

interest currently acting as trustee. (Compl. (Dkt. No. 1) Introduction.) Alvarado fell behind on his mortgage payments and defaulted on the mortgage in May 2008, though not before initiating contact with U.S. Bank to modify his loan payments pursuant to the federal Home Affordable Modification Program ("HAMP"). (*Id.* ¶¶ 46–47.) Subsequently, in 2009 and 2010 Alvarado participated in two trial period plans, in which he made reduced monthly payments in order to secure a permanent modification of his loan. (*Id.* ¶¶ 72–99.) Alvarado was offered two modified plans that he deemed infeasible because he could not afford the payments. (*Id.* ¶¶ 59, 69.) At the end of the first trial period Alvarado was denied a permanent modification due to his failure to respond to an information packet, which he claims he never received. (*Id.* ¶ 74.) Alvarado was also denied a permanent modification after the second trial period due to failure to respond to a letter regarding changes in his income. (*Id.* ¶¶ 98–99.) Ultimately, rather than receiving a permanent modification, Alvarado was offered the chance to restart the trial program for a third time. (*Id.* ¶ 100.)

Alvarado brings four claims: (1) violation of the ICFDPA, 815 ILCS § 505 *et seq.*; (2) breach of contract under Illinois state law by U.S. Bank and its predecessors; (3) promissory estoppel under Illinois state law based on Alvarado's reliance on promises of loan modification made by U.S. Bank and its predecessors; and (4) breach of the implied covenant of good faith and fair dealing, which is present in all contracts, including that which was allegedly formed through U.S. Bank's initiation of trial period plans.

As the basis for its motion to stay, U.S. Bank cites to the existence of a concurrent action pending in the Illinois state court. (Mot. Stay (Dkt. No. 14) ¶ 1.) On August 19, 2008, U.S. Bank's predecessor in interest filed a foreclosure action against Alvarado in the Circuit Court of Cook County. (Mem. (Dkt. No. 15) ¶ 1.) Four years later, on September 28, 2012,

Alvarado filed counterclaims in the state court action, which were amended on August 24, 2014.[1] (Compl. ¶ 104.)

Alvarado's counterclaims in the state court proceeding included the same four counts that are raised in the instant complaint: violation of the ICFDPA, breach of contract, promissory estoppel, and breach of the implied covenant of good faith and fair dealing. (Mem. ¶ 3.) All counterclaims were raised solely against U.S. Bank, and on November 19, 2014, the state court granted U.S. Bank's motion for summary judgment as to the breach of contract and breach of the implied covenant of good faith and fair dealing claims. (*Id.* ¶ 4.) On August 12, 2015, one day prior to filing the instant action, Alvarado voluntarily dismissed his remaining counterclaims (violation of the ICFDPA and promissory estoppel) in state court. (*Id.* ¶ 4.) U.S. Bank's foreclosure action against Alvarado is currently pending in state court.

## ANALYSIS

Under the *Colorado River* doctrine, a district court may stay an action when there is a concurrent, parallel state or federal proceeding. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 14, 103 S. Ct. 927, 936 (1983); *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817-18, 96 S. Ct. 1236, 1246 (1976). Before granting the stay, the federal court must first determine that the suits are parallel. *Moses H. Cone*, 460 U.S. at 15, 103 S. Ct. at 936; *Colorado River*, 424 U.S. at 813-14, 96 S. Ct. at 1244. Second, the federal court must find that there are "exceptional circumstances" to justify forgoing jurisdiction. *Moses H. Cone*, 460 U.S. at 15, 103 S. Ct. at 936; *Colorado River*, 424 U.S. at 814, 96 S. Ct. at 1244. The Seventh Circuit has established a non-exclusive, ten-factor test to determine whether

---

[1] The complaint names August 24, 2014 as the date of filing of Alvarado's amended counterclaims in state court, though an electronic docket search for the state court case, 2008-CH-30242, lists the date as August 29, 2014.

exceptional circumstances exist. *Freed v. J.P. Morgan Chase Bank*, 756 F.3d 1013, 1018 (7th Cir. 2014); *Tyrer v. City of South Beloit, Illinois*, 456 F.3d 744, 754 (7th Cir. 2006). The decision to stay an action subject to the pendency of a concurrent action is a matter of "wise judicial administration, giving regard to the conservation of judicial resources and comprehensive disposition of litigation." *Colorado River*, 424 U.S. at 817, 96 S. Ct. at 1246. We will first address whether the two suits are parallel and then, need be, will consider the ten-part test.

## I. The Parallel Nature of the State and Federal Claims

First, the suits must be parallel, such that there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Freed*, 756 F.3d at 1019 (quoting *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985)). Claims may be disposed of through the doctrine of *res judicata*, as applied to the state court's findings. *Lumen Const.*, 780 F.2d at 695 ("Principles of res judicata can be expected to operate in full force, particularly in light of [plaintiff's] duplicate pleadings.") The court does not have to find that the proceedings are identical, but it should look to whether "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Caminiti & Iatarola, Ltd. v. Behnke Warehousing, Inc.*, 962 F.2d 698, 700 (7th Cir. 1992) (quoting *Interstate Material Corp. v. City of Chi.*, 847 F.2d 1285, 1288 (7th Cir. 1988)). Additionally, a court should consider whether the claims in state and federal court "arise from the same set of facts." *Freed*, 756 F.3d at 1019; *Tyrer*, 456 F.3d at 752.

Here, Alvarado does not contest the parallel nature of his state counterclaims to the instant action. In fact, he introduces his complaint by acknowledging that "this case is a re-filing of Plaintiff Hans Alvarado's counterclaims in his state court mortgage foreclosure."

4

(Compl. ¶ 1.) The parties in the instant action are identical to the parties involved in the state court counterclaims, and the same counts were raised in each. Resultantly, the same set of facts is implicated in both cases. As noted above, we also consider the possibility that the state litigation will dispose of the claims raised in the federal action. The claims that were raised, or could have been raised, will be definitively disposed of once the state court makes a final judgment on the merits. *See, e.g., Hudson v. City of Chi.*, 228 Ill.2d 462, 467, 889 N.E.2d 210, 213 (Ill. 2008). Any future litigation of these claims will be barred under the doctrine of *res judicata*, if the court finds that the same parties and the same issues are present, as we have here. *Id.* (dictating the three necessary factors for the application of *res judicata* under Illinois state law).

Alvarado contends that because he dismissed two counterclaims, "Illinois judges are only deciding a mortgage default," so the two suits are not parallel. (Resp. at 21.) Thus, we consider whether the suits cannot be considered parallel because Alvarado voluntarily dismissed the ICFDPA and promissory estoppel counts. The Supreme Court of Illinois, as well as the Seventh Circuit applying Illinois state law, have both explained that *res judicata* "prevents a litigant from splitting a single cause of action into more than one proceeding," because the parties "could have litigated and resolved these claims" in the first action. *Rein v. David A. Noyes & Co., et al.*, 172 Ill.2d 325, 339, 665 N.E.2d 1199, 1206 (Ill. 1996); *see Brown v. City of Chi.*, 771 F.3d 413, 416 (7th Cir. 2014) (refusing to apply a different standard than that used in *Rein* and *Hudson*); *Hudson*, 228 Ill.2d at 473, 889 N.E.2d at 217 (upholding the court's prior decision in *Rein*). As summarized by the Illinois Supreme Court, "a plaintiff who splits his claims by voluntarily dismissing and refiling part of an action after a final judgment has been entered on another part of the case subjects himself to a *res judicata* defense." *Hudson*, 228 Ill.2d at 473, 889 N.E.2d at

217. As such, there does appear to be "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case," including those claims that were voluntarily dismissed. *Freed*, 756 F.3d at 1019 (citing *Lumen Const., Inc.*,780 F.2d at 695). We make no determinations here about the certainty that a *res judicata* defense will be successful if this case is later resumed, but find that the possibility of such a bar satisfies the standard for determining whether the state and federal suits are parallel. *Freed v. Weiss*, 974 F. Supp. 2d 1135, 1145 (N.D. Ill. 2013) ("[P]arallelism under *Colorado River* requires only that there be a 'substantial likelihood,' not a certainty, 'that the [state court] litigation will dispose of all claims presented in the federal case.'") (citing *AAR Int'l, Inc. v. Nimelias Enter. S.A.*, 250 F.3d 510, 518 (7th Cir. 2001)).

## II. Determining the Presence of Exceptional Circumstances

Since we find that the suits are parallel, we turn to the second part of the *Colorado River* test, which requires us to balance ten factors to determine whether or not exceptional circumstances justify a surrender of jurisdiction. *Freed*, 756 F.3d at 1018; *Tyrer*, 456 F.3d at 751. These factors are: "(1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of state and federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim." *Freed*, 756 F.3d at 1018 (citing *Tyrer*, 456 F.3d at 754). No single factor is determinative and they are "to be applied in a pragmatic, flexible manner with a view to the

6

realities of the case at hand." *LaDuke v. Burlington N.R.R.*, 879 F.2d 1556, 1559 (7th Cir. 1989) (quoting *Moses H. Cone*, 460 U.S. at 21, 103 S. Ct. at 940); *see also Freed*, 756 F.3d at 1021.

In the instant case, the state has assumed jurisdiction over property in the foreclosure action, but there is no property connected to Alvarado's contract, promissory estoppel, or consumer fraud claims. *See, e.g., Nieves v. Bank of Am., N.A.*, No. 14 CV 2300, 2015 WL 753977, at *5 (N.D. Ill. Feb. 20, 2015). Therefore, the first factor does not apply to this case, and we address only the relevant remaining factors.

The third, fourth, and seventh factors involve similar analyses, so we will begin by addressing them together. The third factor, the desirability of avoiding piecemeal litigation, weighs heavily in favor of granting a stay. Though Alvarado contends that there is "no danger of duplicative litigation in this case," (Resp. at 21), we cannot agree. The parties have already performed discovery in the foreclosure action and the state court disposed of two of these claims on summary judgment. In order to adjudicate the same claims in this Court, we will have to repeat the discovery process and weigh issues that the state court has already determined. If we allow the instant action to go forward before the resolution of the state action, it will duplicate the amount of litigation necessary to resolve the matter and will hinder judicial economy. *See, e.g., Freed*, 756 F.3d at 1022. Additionally, "if both state and federal proceedings were allowed to proceed, inconsistent rulings could jeopardize the appearance and actuality of justice." *Id.* (quoting *Interstate Material Corp. v. City of Chi.*, 847 F.2d 1285, 1290 (7th Cir. 1988). We will not take the chance that our rulings will be inconsistent with those of the state court.

The fourth factor concerns the order in which jurisdiction was obtained in the concurrent forums. Relatedly, the seventh factor concerns the relative progress of the state and federal proceedings. For the seventh factor we also examine whether the federal or state court action on

7

the same claims is closer to a resolution. *Moses H. Cone*, 460 U.S. at 21, 103 S. Ct. at 940; *Caminiti & Iatarola*, 962 F.2d at 702. The state court obtained jurisdiction first, and that proceeding has made much more progress than the instant case. Alvarado raised his counterclaims in state court on September 28, 2012, (Compl. ¶ 104), nearly a full three years prior to the filing of this action on August 13, 2015. As noted earlier, the state court has proceeded through discovery, as well as summary judgment of several of the counterclaims raised in the present case. Because the state court proceedings on this matter are far closer to a resolution, both factors favor abstention. *Moses H. Cone*, 460 U.S. at 21, 103 S. Ct. at 940; *Caminiti & Iatarola*, 962 F.2d at 701.

The second factor is the inconvenience of the federal forum. Alvarado is an Illinois resident and U.S. Bank is a resident of Cincinnati, Ohio. (Compl. ¶ 4.) U.S. Bank filed the pending state action in the same county where we sit. Since the two forums are only a few blocks apart in the same city, this additional suit creates no inconvenience for the parties. The second factor, then, is either neutral or weighs against abstention. *Freed*, 756 F.3d at 1021–22 (finding that when both cases are pending in Chicago, "the federal forum is not inconvenient and the second factor weighs against abstention"); *Allstate Ins. v. AO Smith,* No. 15 C 6574, 2015 WL 6445529, at *9 (N.D. Ill. Oct. 23, 2015) (finding that, when the two forums are only 90 miles apart, there is no indication that either forum is more convenient and the factor is neutral). Under either standard, this factor does not favor granting a stay. *Nieves*, 2015 WL 753977, at *5 (citing *Huon v. Johnson & Bell, Ltd.*, 657 F.3d 641, 648 (7th Cir. 2011)).

As to the fifth factor, there appears to be no dispute between the parties. The source of governing law for all claims named in both Alvarado's instant complaint and his state court counterclaims is state, as opposed to federal, law. As such, this factor weighs in favor of a stay,

8

due to "a state court's expertise in applying its own law." *Freed*, 756 F.3d at 1022 (quoting *Day v. Union Mines*, 862 F.2d 652, 660 (7th Cir. 1988)).

The sixth factor concerns the adequacy of the state-court action to protect the federal plaintiff's rights. Alvarado contends that a federal forum is necessary to properly resolve his claims and allow him to "construct a factual record in federal court." (Resp. at 7.) Alvarado alleges that Illinois state courts have a history of failing to protect the rights of defendants in foreclosure actions. (*Id*. at 9–13.) Blanket disapproval of state court precedent and interpretations of the law on related foreclosure matters is, however, not sufficient to show that a state court is an inadequate forum for Alvarado's state-law, contract-based counterclaims. *See generally Nieves*, 2015 WL 753977, at *7 (despite plaintiffs' concerns about the adjudication of their claims in state court, abstention "is consistent with how several courts in the Northern District of Illinois have handled claims similar to those here that arise from–or are closely related to–concurrent foreclosure actions"). Additionally, though there may be federal policies underlying the creation of HAMP, there is no "private federal right of action against servicers to enforce it," which would tend to disfavor abstention. *Wigod v. Wells Fargo Bank, N.A.*, 673 F.3d 547, 559 (7th Cir. 2012); *compare Freed*, 974 F. Supp. 2d at 147, *aff'd*, *Freed*, 756 F.3d 1013 ("The state court is eminently competent to protect Freed's rights, which turn on state law."). Ultimately, even when the adequacy of a state court proceeding is called into question, all the other relevant considerations may still weigh in favor of granting abstention. *Freed*, 756 F.3d at 1023. A stay does not foreclose Alvarado's ability to pursue this case after a final judgment in the state case has been rendered. *Id.* (finding that a plaintiff's "substantial rights are protected by granting a stay because it allows him the possibility to revive his federal

9

litigation depending on the outcome in state court or in the unlikely event that the state court action is inadequate").

Alvarado does not dispute factor eight, the presence of concurrent jurisdiction, and we find that the state and federal courts both have jurisdiction over this case. Thus, this factor weighs in favor of abstention, due to the state court's exercise of jurisdiction for the past three years, as discussed. *Allstate Ins.*, 2015 WL 6445529, at *9.

As the Seventh Circuit stated in *Freed*, "[t]he ninth factor intends to prevent a federal court from hearing claims that are closely related to state proceedings that cannot be removed." 756 F.3d at 1023. The parties have neither commented on this issue, nor contended that the state court proceeding was non-removable. We find that the claims were removable, as the current action was properly raised under diversity jurisdiction and the parallel counterclaims might have been, as well. Therefore, this factor also favors abstention. *Id*.

The final factor requires an assessment of the vexatious or contrived nature of the federal claim. The aforementioned fact that two of Alvarado's claims have already been dismissed on the merits and Alvarado voluntarily dismissed the remaining claims a day before filing this action creates a specter of gamesmanship. We are inclined to agree with U.S. Bank's argument that raising these claims in federal court is vexatious and contrived, given the disposition of the state court counterclaims and Alvarado's clear discontent with his treatment in the state courts. (Resp. at 21) (discussing "Illinois courts' inefficacy in assisting foreclosure victims, and the procedural deficiencies when compared to the federal system") Even without this factor, however, we conclude that abstention is proper because at least seven of the ten *Tyrer* factors weigh in favor of abstention. *Nieves*, 2015 WL 753977, at *7 ("Because seven of the ten factors

weigh in favor of abstention, the Court concludes that abstention under *Colorado River* is appropriate.").

Parallel issues and exceptional circumstances are present, and Defendant's motion for stay is granted. Status is set in open court for January 12, 2017 at 10:30 a.m. Should the state court proceeding be concluded prior to that date, any party may file a written motion to recommence this case.

## CONCLUSION

For the reasons above, we hereby stay these proceedings pursuant to the *Colorado River* abstention doctrine, pending the completion of the Cook County proceeding. It is so ordered.

_____
Marvin E. Aspen
United States District Judge

Dated: July 21, 2016
Chicago, Illinois